Filing # 125283358 E-Filed 04/20/2021 04:36:53 PM

SF
## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO:

MICHAEL HOCHEE,

    Plaintiff,

vs.

SF MARKETS, LLC D/B/A SPROUTS
FARMERS MARKET, INC.

    Defendant.  /

## COMPLAINT

Plaintiff, MICHEAL HOCHEE by and through the undersigned counsel, hereby sues Defendant, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC. and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, MICHAEL HOCHEE, is a natural person residing in Collier County, Florida.

3. At all times material to this action, Defendant, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC. is a Arizona profit corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC.was the owner and in possession of that certain business located 2224 Logan Blvd. N. Naples, Collier County, Florida, open to the general public, including the Plaintiff herein.

1

5. On or about May 6, 2019, Plaintiff, MICHAEL HOCHEE visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, MICHAEL HOCHEE, was a lawfully guest upon the premises of the Defendant, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC., who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC.

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the refrigerated meat aisle flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the refrigerated meat aisle flooring, as specified above, to ascertain whether the restroom floor, which was poorly maintained, constituted a hazard to patrons utilizing said refrigerated meat aisle area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the refrigerated meat aisle flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the refrigerated meat aisle flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the refrigerated meat aisle flooring for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the refrigerated meat aisle flooring for dangerous conditions;

h) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the refrigerated meat aisle flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

i) Negligently failing to act reasonably under the circumstances;

j) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

k) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

l) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

m) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

n) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

o) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a liquid substance on the floor of the refrigerated meat aisle area, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MICHAEL HOCHEE, sues the Defendant, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

### COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC.

12. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

4

a) Negligently failing to maintain or adequately maintain the refrigerated meat aisle flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the refrigerated meat aisle flooring, as specified above, to ascertain whether the restroom floor, which was poorly maintained, constituted a hazard to patrons utilizing said refrigerated meat aisle area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the refrigerated meat aisle flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the refrigerated meat aisle flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the refrigerated meat aisle flooring for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the refrigerated meat aisle flooring for dangerous conditions;

h) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the refrigerated meat aisle flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

i) Negligently failing to act reasonably under the circumstances;

j) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

    k) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

    l) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

    m) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

    n) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

    o) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on a liquid substance on the floor of the refrigerated meat aisle area, sustaining significant personal injuries.

17. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MICHAEL HOCHEE, sues the Defendant, SF MARKETS, LLC D/B/A SPROUTS FARMERS MARKET, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

*/s/ Kristin L. Stocks*
*Kristin L. Stocks, Esquire*
Florida Bar No.: 46790
Attorney for Plaintiff
Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Phone: (239) 210-5352
Fax: (239) 204-4089
Email: kstocks@forthepeople.com
   kpyjek@forthepeople.com